IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:19-CV-84-FL

| | | |
|---|---|---|
| JESUS OSWALDO ARGUETA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| FRED SMITH COMPANY, and DEWEY PABINGWIT, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on defendants' motion to dismiss pursuant to Rules 12(b)(2), 12(b)(4), 12(b)(5), and 12(b)(6) of the Federal Rules of Civil Procedure. (DE 14). Plaintiff did not respond in opposition to the motion, and the time to do so has expired. The issues raised are ripe for ruling. For the reasons that follow, defendants' motion is granted.

**STATEMENT OF THE CASE**

Plaintiff, proceeding pro se, commenced this action against defendants on March 6, 2019. Plaintiff alleges that defendants unlawfully discriminated against him on the basis of race, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.. Plaintiff directed the United States Marshals Service ("USMS") to serve both defendants at 6105 Chapel Hill Road, Raleigh, NC 27607. On June 10, 2019, defendants filed the instant motion to dismiss, relying upon plaintiff's EEOC charge and the declaration of Brent Wood ("Wood"). The court granted plaintiff's request for extension of time to respond to defendants' motion, but plaintiff never filed any response.

**STATEMENT OF FACTS**

The facts alleged in the complaint may be summarized as follows. Plaintiff allegedly was hired by defendant FSC II, LLC d/b/a Fred Smith Company[1] ("FSC II") as a pipe layer. (See Compl. at 3, 5; EEOC Charge (DE 15-1) at 2). Defendant Dewey Pabingwit ("Pabingwit") was a utility superintendent responsible for supervising plaintiff. (Compl. at 2). In or around November 2018, defendant Pabingwit allegedly went behind plaintiff and grabbed his private parts on several occasions. (Id. at 4). When plaintiff complained to defendant Pabingwit, he threatened to call the United States Citizenship and Immigration Services ("USCIS") to send plaintiff back to his place of origin. (Id. at 5). On one occasion, defendant Pabingwit made plaintiff cut concrete with no protection. (Id.). In his complaint, plaintiff alleges race discrimination. (Id. at 3). Plaintiff attached his right to sue letter to his complaint. (Id.; Right to Sue Letter (DE 5-1) at 1). Plaintiff's charge of discrimination does not explicitly raise race discrimination as an issue, but raises claims of sex and national origin discrimination. (EEOC Charge (DE 15-1) at 2).

**DISCUSSION**

A.  Standard of Review

Federal Rule of Civil Procedure 12(b)(2) allows for dismissal of a claim for lack of personal jurisdiction. "When a district court considers a question of personal jurisdiction based on the contents of a complaint and supporting affidavits, the plaintiff has the burden of making a prima facie showing in support of its assertion of jurisdiction." Universal Leather, LLC v. Koro AR, S.A., 773 F.3d 553, 558 (4th Cir. 2014). At this stage, the court "must construe all relevant pleading allegations in the light most favorable to plaintiff, assume credibility, and draw the most favorable

---

[1]   Defendant asserts that its correct name is FSC II, LLC d/b/a Fred Smith Company. (See Wood Decl. (DE 15-2) ¶¶ 1–3, 9). As discussed below, the court orders defendant Fred Smith Company be substituted with defendant FSC II, LLC d/b/a Fred Smith Company, pursuant to Rule 21 of the Federal Rules of Civil Procedure.

inferences for the existence of jurisdiction." Combs v. Bakker, 886 F.2d 673, 676 (4th Cir.1989); see Mylan Labs., Inc. v. Akzo, N.V., 2 F.3d 56, 60 (4th Cir.1993) ( "[T]he district court must draw all reasonable inferences arising from the proof, and resolve all factual disputes, in the plaintiff's favor."). "Absent waiver or consent, a failure to obtain proper service on the defendant deprives the court of personal jurisdiction over the defendant." Koehler v. Dodwell, 152 F.3d 304, 306 (4th Cir. 1998).

"A motion to dismiss under Federal Rule of Civil Procedure Rule 12(b)(4) challenges the sufficiency of process, while Rule 12(b)(5) motions challenge the sufficiency of service of process." Richardson v. Roberts, 355 F. Supp. 3d 367, 370 (E.D.N.C. 2019). "When the process gives the defendant actual notice of the pendency of the action, the rules . . . are entitled to a liberal construction" and "every technical violation of the rule or failure of strict compliance may not invalidate the service of process." Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc., 733 F.2d 1087, 1089 (4th Cir. 1984). Nevertheless, "the rules are there to be followed, and plain requirements for the means of effecting service of process may not be ignored." Id. The plaintiff bears the burden of establishing that process properly has been served. Dalenko v. Stephens, 917 F. Supp. 2d 535, 542 (E.D.N.C. 2013); see also Mylan Labs, 2 F.3d 56, 60 (4th Cir. 1993) (holding the plaintiff must prove service of process if challenged).

"To survive a motion to dismiss" under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not

consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted).

B. Analysis

1. Sufficiency and Service of Process

The Federal Rules of Civil Procedure allow a plaintiff to serve a defendant that is a business association pursuant to the law of the state in which the district court is located. Fed. R. Civ. P. 4(e)(1), (h)(1). In pertinent part, North Carolina law allows process to be served "[b]y mailing a copy of the summons and of the complaint, registered or certified mail, return receipt requested, addressed to the officer, director, agent or member of the governing body." N.C. Gen. Stat. § 1A–1, Rule 4(j)(8)(c). Process must be mailed to an officer, director, managing agent, member of the governing body, or an agent authorized by appointment or by law to be served or to accept service of process. Id. § 1A–1, Rule 4(j)(8)(a), (b), (c).

As to defendant FSC II, process was addressed to Fred Smith Company and not to an officer, director, managing agent, member of the governing body, or an agent authorized by appointment or by law to be served. (See Wood Decl. (DE 15-2) ¶ 8; Ex. 1). Moreover, the individuals able to accept process on behalf of defendant FSC II are located at 701 Corporate Center Drive, Suite 101 Raleigh, NC 27607. (See id. ¶¶ 2, 4–5). Plaintiff's process was instead mailed to 6105 Chapel Hill Road, Raleigh, NC 27607, another business facility without a mailbox. (Id. ¶¶ 3, 8; Ex. 1). Therefore, plaintiff failed to provide sufficient process or sufficient service of process as to defendant FSC II.

North Carolina law allows service of a natural person "[b]y mailing a copy of the summons and of the complaint, registered or certified mail, return receipt requested, addressed to the party to be served, and delivering to the addressee." N.C. Gen. Stat. § 1A–1, Rule 4(j)(1)(c). Process must be addressed to defendant's usual place of abode or to an agent authorized to accept process on behalf of defendant. See id. § 1A–1, Rule 4(j)(1)(a), (b), (c); Davis v. Tyson Foods, Inc., No. 3:14-CV-00720-GCM, 2015 WL 4638301, at *2 (W.D.N.C. Aug. 4, 2015).

Plaintiff's process was not addressed to defendant Pabingwit's usual place of abode. (See Wood Decl. (DE 15-2) ¶ 4). Moreover, there is no evidence that process was served to an agent of defendant Pabingwit. (See Wood Decl. (DE 15-2) ¶¶ 9, 10). For these reasons, defendant's motion to dismiss for lack of personal jurisdiction, insufficient process, and insufficient service of process is granted.

    2.    Title VII

        a.    Exhaustion

Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., requires that a plaintiff exhaust administrative remedies before filing suit in federal court. 42 U.S.C. §§ 2000e-5(b), (f)(1). "Title VII's charge-filing requirement is a processing rule, albeit a mandatory one, not a jurisdictional prescription delineating the adjudicatory authority of courts." Fort Bend Cty., Texas v. Davis, 139 S. Ct. 1843, 1851 (2019) (abrogating Jones v. Calvert Grp., Ltd., 551 F. 3d 297, 300–01 (4th Cir. 2009)). Accordingly, the issue is properly analyzed under Rule 12(b)(6).

In a lawsuit claiming discrimination under Title VII, the court "may only consider those allegations included in the EEOC charge" in order to determine whether plaintiff has exhausted his remedies. Balas v. Huntington Ingalls Indus., Inc., 711 F.3d 401, 407 (4th Cir. 2013). If the claims "exceed the scope of the EEOC charge and any charges that would naturally have arisen

5

from an investigation thereof, [the claims in the civil action] are procedurally barred." Id. at 407–08 (quoting Chacko v. Patuxent Inst., 429 F.3d 505, 506 (4th Cir. 2005)).

However, the administrative charge "does not strictly limit a . . . suit which may follow; rather, the scope of the civil action is confined only by the scope of the administrative investigation that can reasonably be expected to follow the charge of discrimination." Chisholm v. United States Postal Serv., 665 F.2d 482, 491 (4th Cir. 1981); see also Dennis v. County of Fairfax, 55 F.3d 151, 156 (4th Cir. 1995) (holding claims barred which "exceed the scope of the EEOC charge and any charges that would naturally have arisen from an investigation thereof."). "[I]f the factual allegations in the administrative charge are reasonably related to the factual allegations in the formal litigation, the connection between the charge and the claim is sufficient." Chacko, 429 F.3d at 509. "EEOC charges must be construed with utmost liberality since they are made by those unschooled in the technicalities of formal pleading." Alvarado v. Bd. of Trs. of Montgomery Cnty. Cmty. Coll., 848 F.2d 457, 460 (4th Cir. 1988).

Here, plaintiff alleges that in or around November 2018, plaintiff's supervisor, defendant Pabingwit, grabbed his private parts on several occasions, plaintiff complained, and defendant Pabingwit threatened to call USCIS and send plaintiff back to his place of origin. (Compl. at 4). Plaintiff's EEOC Charge alleges similar conduct, claiming that from September to November 2018, his supervisor "Doug" slapped him on the butt every time he passed him, plaintiff told him to stop, and on two occasions "Doug" threatened to call USCIS. (EEOC Charge (DE 15-1) at 2).

Defendants argue that plaintiff failed to exhaust his administrative remedies because he checked the sex and national origin boxes on the EEOC charge, but alleged discrimination on the basis of race in his complaint. However, as noted above, "if the factual allegations in the administrative charge are reasonably related to the factual allegations in the formal litigation, the

6

connection between the charge and the claim is sufficient." Chacko, 429 F.3d at 509; see U.S. Equal Employment Opportunity Comm'n v. Phase 2 Investments Inc., 310 F. Supp. 3d 550, 567 (D. Md. 2018) (finding a complaint asserted race discrimination claim even though Hispanic complainants checked the box for national origin discrimination). The court concludes that the factual allegations in the complaint are reasonably related to the factual allegations in the EEOC charge. Plaintiff exhausted his administrative remedies.[2]

      b.      Hostile Work Environment

Plaintiff alleges in his complaint that he suffered racial discrimination based on defendant Pabingwit's conduct. Defendants characterize plaintiff's complaint as one for disparate treatment and argue that plaintiff fails to allege an adverse employment action. See Ray v. Int'l Paper Co., 909 F.3d 661, 670 (4th Cir. 2018) (quoting Boone v. Goldin, 178 F.3d 253, 255 (4th Cir. 1999)); Holland v. Washington Homes, Inc., 487 F.3d 208, 219 (4th Cir. 2007) (quoting James v. Booz–Allen & Hamilton, Inc., 368 F.3d 371, 375 (4th Cir. 2004)). However, a pro se complaint is "to be liberally construed." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotations omitted). Therefore, the court construes plaintiff's claim of racial discrimination as a hostile work environment claim. See Spriggs v. Diamond Auto Glass, 242 F.3d 179, 186 (4th Cir. 2001) (citing Burlington Indus., Inc. v. Ellerth, 524 U.S. 742, 751, 753–54 (1998)) ("A hostile work environment claim . . . typically encompasses conduct outside the realm of tangible employment actions.").

Title VII makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's . . . race." 42 U.S.C.

---

[2] If plaintiff wishes to assert a claim of sex or national origin discrimination in the instant case, he will have to seek leave of court to amend his complaint. Likewise, if plaintiff wishes to assert a claim of retaliation, he will have to seek leave of court to amend his complaint.

§ 2000e-2(a)(1). "Since an employee's work environment is a term or condition of employment, Title VII creates a hostile working environment cause of action." E.E.O.C. v. Sunbelt Rentals, Inc., 521 F.3d 306, 313 (4th Cir. 2008). "[A] plaintiff must show that there is (1) unwelcome conduct; (2) that is based on the plaintiff's . . . race;[3] (3) which is sufficiently severe or pervasive to alter the plaintiff's conditions of employment and to create an abusive work environment; and (4) which is imputable to the employer." Boyer-Liberto v. Fontainebleau Corp., 786 F.3d 264, 277 (4th Cir. 2015) (en banc).

"The 'severe or pervasive' element has both subjective and objective components." Ocheltree v. Scollon Prods., Inc., 335 F.3d 325, 333 (4th Cir. 2003) (en banc). In considering whether a working environment is objectively hostile, the court looks at all the circumstances, including "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." Harris v. Forklift Sys., Inc., 510 U.S. 17, 23 (1993). "Workplaces are not always harmonious locales, and even incidents that would objectively give rise to bruised or wounded feelings will not on that account satisfy the severe or pervasive standard. Some rolling with the punches is a fact of workplace life." Sunbelt Rentals, 521 F.3d at 315; see E.E.O.C. v. Fairbrook Med. Clinic, P.A., 609 F.3d 320, 328 (4th Cir. 2010).

The only comment in plaintiff's complaint that has any potential relation to plaintiff being Hispanic is defendant Pabingwit saying he was going to call USCIS to send plaintiff back to his

---

[3] The United States Court of Appeals for the Fourth Circuit has not decided whether discrimination against Hispanic individuals is discrimination on the basis of race, national origin, or both under Title VII. Reyes v. Waples Mobile Home Park Ltd. P'ship, 903 F.3d 415, 424 n.3 (4th Cir. 2018). However, Reyes cites approvingly to an opinion from the United States Court of Appeals for the Second Circuit, which holds that for purposes of Title VII, discrimination against Hispanic employees is race discrimination but may also be national-origin discrimination depending upon the particular facts of each case. Vill. of Freeport v. Barrella, 814 F.3d 594, 606–07 (2d Cir. 2016) (emphasis in original); see also Local 28 of Sheet Metal Workers' Int'l Ass'n v. E.E.O.C., 478 U.S. 421, 465 n.37 (1986) (plurality opinion) (treating Hispanic ethnicity as race for purposes of Title VII). The court is persuaded by the Barrella court's reasoning.

8

country of origin.  (See Compl. at 5).  However, plaintiff fails to plausibly allege the comment was objectively hostile.  See Faragher v. City of Boca Raton, 524 U.S. 775, 788 (1998) (citation omitted) (quoting Oncale v. Sundowner Offshore Servs., Inc., 523 U.S. 75, 82 (1998)) ("[S]imple teasing, offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the 'terms and conditions of employment.'"); Evans v. Int'l Paper Co., 936 F.3d 183, 192 (4th Cir. 2019) (quoting Sunbelt Rentals, 521 at 315) ("[R]ude treatment from coworkers, callous behavior by one's superiors, or a routine difference of opinion and personality conflict with one's supervisor are not actionable under Title VII.").  Accordingly, plaintiff fails to state a claim for hostile work environment.

   c.  Misjoinder

Defendant FSC II asserts that plaintiff's complaint fails as a matter of law because its correct name is "FSC II, LLC d/b/a Fred Smith Company."  "Misjoinder of parties is not a ground for dismissing an action."  Fed. R. Civ. P. 21; United States v. A.H. Fischer Lumber Co., 162 F.2d 872, 873 (4th Cir. 1947) ("As a general rule the misnomer of a corporation in a notice, summons, notice by publication, garnishment citation, writ of certiorari, or other step in a judicial proceeding is immaterial if it appears that it could not have been, or was not, misled.").  Here, defendant Fred Smith Company apparently was not misled as to the action brought against it.  (See Wood Decl. (DE 15-2) ¶¶ 3, 9 (observing both defendant Pabingwit and plaintiff are employed by FSC II)).

"On motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21.  Since defendant FSC II has identified itself as plaintiff's employer, the court orders that defendant FSC II, LLC d/b/a Fred Smith Company be joined, and defendant Fred Smith Company be terminated from the present action.  Should plaintiff file an amended complaint, he is directed to serve process his above named employer.

d.  Individual Liability

Defendant Pabingwit moves to dismiss on the ground that he is not liable under Title VII. "[S]upervisors are not liable in their individual capacities for Title VII violations." Lissau v. S. Food Serv., Inc., 159 F.3d 177, 181 (4th Cir. 1998); see Baird ex rel. Baird v. Rose, 192 F.3d 462, 472 (4th Cir. 1999) ("Title VII does not provide a remedy against individual defendants who do not qualify as 'employers.'"). The allegations in the complaint indicate defendant Pabingwit is plaintiff's supervisor. (See Compl. at 2, 5). Accordingly, defendant Pabingwit is dismissed from this action.

**CONCLUSION**

Based on the foregoing, defendants' motion to dismiss (DE 14) is GRANTED. Plaintiff's complaint is DISMISSED WITHOUT PREJUDICE. Where the deficiencies noted herein may be curable as to defendant FSC II, plaintiff is ALLOWED 30 days from the date of this order to amend his complaint and perfect service on defendant FSC II. Should plaintiff fail to perfect service, the clerk is DIRECTED to close this case without further order from the court.

SO ORDERED, this the 26th day of November, 2019.

_____
LOUISE W. FLANAGAN
United States District Judge